| TOBIAS, J.,
Dissenting.
I respectfully dissent.
The Progressive Security Insurance Company (“Progressive”) policy on its face clearly indicates that it is a commercial automobile liability policy providing “business auto coverage.” The named insured is:
MARVIN BURTON
BURTON PROF JANITORA
A reasonable interpretation of the identity of the named insured is Marvin Burton *497 doing business as Burton Professional Janitorial Services.
Obviously, Mr. Burton did not intend to insure with Progressive every vehicle in which he had an ownership interest. In fact, the 1996 Toyota Camry automobile involved in the accident was owned by Mr. Burton and Georgia Burton, his mother who does not reside with him but- does drive the vehicle. Liability insurance was provided on the vehicle by Allstate Insurance Company.
Relator’s motion for summary judgment and application for supervisory writs fail to clearly address whether the Toyota Camry was a temporary substitute automobile. Mr. Burton’s deposition submitted by relator establishes that the accident occurred about noon time immediately following his picking up blue prints at Tulane University. He was en route to lunch with Cheryl Williams, a Mend, when the accident occurred. Taking a break for lunch with a friend is 1 ^encompassed in the risk of being on a business related mission. The Progressive policy provides in pertinent part that coverage is provided on a “... non-owned auto while you or an employee of yours is temporarily driving it as a substitute for any other auto described.” Nothing in the policy definition of “non-owned auto” excludes coverage.
Further, the words “you” and “your” in the Progressive policy mean:
a. if the policy is issued in the name of an individual, the person shown in the Declarations as the named insured; or
b. the organization shown in the Declarations as the named insured.
I read this definition as clearly indicating that it applies to vehicles in which the named insured is the sole owner of the vehicle. In this case, the joint ownership of the Toyota Camry reinforces that it is reasonable to assume that the vehicle was a temporary substitute vehicle.
The majority fails to consider the obvious intent of the parties: Progressive agreed to cover Marvin Burton doing business as Burton Professional Janitorial Services for the use of a temporary substitute vehicle. The vehicle in this accident was co-owned by Marvin Burton; it was not entirely owned by Marvin Burton. The Toyota Camry was never intended by Marvin Burton to replace either of the two named vehicles in the Progressive policy. Thus, the Toyota was not a “replacement auto” as defined in the Progressive policy.
Accordingly, I find that a genuine issue of material fact exists. That genuine issue of material fact is contained in relator's, not respondent’s, attachments to its motion for summary judgment. Summary judgment was correctly denied by the trial court.